IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEBBIE F. SMITH                                                                                    PLAINTIFF

vs.                                          Civil No. 4:07-cv-04088

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Debbie F. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI on June 29, 2005.  (Tr. 11, 77-81, 82-84, 93).  Plaintiff alleged she was disable due to her two neck surgeries, hip surgery, back pain, nerve problems in her hip, left arm pain, and high blood pressure.  (Tr. 97, 359-362).  Plaintiff alleged an onset date of June 15, 2005.  (Tr. 77, 82).  These applications were initially denied on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

September 23, 2005 and were denied again on reconsideration on July 14, 2006. (Tr. 22-27).

On September 8, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 48). This hearing was held on February 1, 2007 in Jacksonville, Florida. (Tr. 347-369). Plaintiff was present and was represented by counsel, Anthony Papa, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Robert Bradley testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her high school diploma. (Tr. 351). Plaintiff also testified that she had completed her first two years of college but had not obtained an associate's degree. (Tr. 351).

On February 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB. (Tr. 11-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2010. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 15, 2005, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorders of the spine, disorders of the hip, and high blood pressure. (Tr. 13, Finding 3). The ALJ also found, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-19). At the administrative hearing, Plaintiff claimed she could not go up and down stairs (Tr. 354), she suffered from back, hip, and leg pain on a daily basis (Tr. 360), she could only lie flat on her back due to her pain (Tr. 360), she could only sit

2

comfortably for about twenty or thirty minutes before she had to lie on a heating pad for two to three hours (Tr. 361), she could only walk about six blocks of her street a few times a week (Tr. 361), and she could not lift anything with her left arm (Tr. 362).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 16-19). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's daily activities were extensive considering her complaints of disabling pain; (2) Plaintiff's medical records indicated her surgeries were successful in relieving her symptoms; and (3) Plaintiff had a "generally unpersuasive appearance and demeanor while testifying at the hearing." *See id.*

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 16-19, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work. She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 6 hours and sit 6 hours in an 8-hour workday, but must be able to shift positions at will from sitting/standing. She must avoid ladders or unprotected heights, and operation of heavy moving machinery. She can occasionally bend, crouch, knee, stoop, squat, and crawl. She must avoid repetitive twisting of the neck, operation of foot controls, and overhead reaching with the left arm.

(Tr. 16-19, Finding 5).

The ALJ then determined that claimant could not perform her Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy. (Tr. 19-21). First, the ALJ determined Plaintiff's PRW included work as an apartment assistant manager (medium, skilled work), restaurant manager (light, skilled work), waitress (medium, semiskilled

work), hostess (light, semiskilled work), property manager (light, skilled work), and bartender (light, semiskilled work). (Tr. 19). The ALJ determined, based upon the VE's testimony, that Plaintiff could not perform any of this PRW. (Tr. 19, Finding 6).

Second, the ALJ heard testimony from the VE and found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 20-21, Finding 10). Specifically, the VE testified that Plaintiff could perform work as a photo finisher (unskilled, light work) with 45,000 such jobs in the nation and 600 in the region, a labeler (unskilled, light work) with 50,000 jobs in the nation and 1,200 in the region, an assembler (unskilled, sedentary work) with 45,000 jobs in the nation and 1,000 jobs in the region, and a photo mounter (unskilled, sedentary work) with 25,000 jobs in the nation and 500 jobs in the region. (Tr. 20, 363-366). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 15, 2005 through the February 23, 2007, the date of the ALJ's decision. (Tr. 21, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). On September 12, 2007, the Appeals Council declined to review this determination. (Tr. 4-6). *See* 20 C.F.R. § 404.984(b)(2). On October 2, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 9, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's disability determination is not supported by substantial evidence in the record; (B) the ALJ failed to evaluate Plaintiff's impairments in combination; and (C) the ALJ failed to fully and fairly develop the record. (Doc. No. 7, Pages 3-14). In response, Defendant claims the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 8, Pages 4-12). Specifically, Defendant claims the ALJ properly evaluated all the evidence in the record prior to determining Plaintiff's RFC, properly assessed Plaintiff's credibility, properly determined Plaintiff retained the ability to perform other work, and properly determined that Plaintiff's impairments did not meet the requirements of any of the Listings. *See id.* at 4-19. Because this Court finds the ALJ erred in his credibility determination, this Court will only address Plaintiff's first argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984)[2] or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Since the administrative hearing was held in Jacksonville, Florida, and the ALJ was apparently based in Jacksonville, Florida, it is not clear whether the requirements of *Polaski* should apply to this case. *See Randolph v. Barnhart*, 386 F.3d 835, 841-42 (8th Cir. 2004) (holding that *Polaski* sets forth the requirements for ALJs *within the Eighth Circuit*) (emphasis added). However, because Defendant has not raised this issue, but instead argues that the ALJ met the requirements of *Polaski*, the Court determines this issue has been waived.

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find the Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain the Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly enumerated the factors contained in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 but then noted only a few inconsistencies between the record and Plaintiff's subjective complaints. (Tr. 11-21). Specifically, the ALJ discounted Plaintiff's subjective complaints based upon the following three findings: (1) Plaintiff's daily activities were extensive considering her complaints of disabling pain; (2) Plaintiff's medical records indicated her surgeries were successful in relieving her symptoms; and (3) Plaintiff had a "generally unpersuasive appearance and demeanor while testifying at the hearing." *See id.*

This Court has reviewed the record in this case and has determined that these findings do not provide a sufficient basis for discounting Plaintiff's subjective complaints. First, Plaintiff's daily activities were not "extensive." (Tr. 354-359). Plaintiff testified that she was only able to do one load of laundry per week, could only cook very simple meals (microwave food, soups, or sandwiches), could straighten her bed, could listen to the radio or television, could go to the grocery store once every two months, could go to church once a month, could drive one day once every one or two weeks, and could bathe and dress herself. *See id.*

This Court finds these activities are very limited. A claimant in a social security disability case is not required to be completely bedridden in order to be found disabled. *See Hutsell v. Massanari,* 259 F.3d 707, 713 (8th Cir. 2001) (noting that a claimant need not "be bedridden to qualify for disability benefits"). In this case, while Plaintiff is not bedridden, her daily activities are

very limited and not so extensive that they detract from her credibility and provide a basis for discounting her subjective complaints.

Second, the ALJ found Plaintiff's surgeries appeared to successfully treat her symptoms. The record indicates that Plaintiff underwent these surgeries in 1998 and 2000. (Tr. 13, 248-272). Subsequent to those surgeries, Plaintiff was able to work for several years as a property manager and as a bartender. (Tr. 98, 123). However, her medical records indicate that her condition did not permanently improve after she underwent these surgeries. (Tr. 176-346). For example, on July 11, 2004, Plaintiff was admitted to the emergency room at Christus St. Michael's Hospital for severe back and hip pain. (Tr. 190). She was treated and was subsequently released. (Tr. 191). Thereafter, on March 4, 2005, Plaintiff was administered trigger-point injections in order to relieve her hip pain. (Tr. 181-188). The record indicates that, prior to March 4, 2005, she had already received two other trigger point injections, and they only temporarily relieved her hip and back pain. *See id.*

Furthermore, on September 22, 2005, Dr. Ifteqar Syed treated Plaintiff for her back and hip pain. (Tr. 206-208). Dr. Syed noted that Plaintiff had been treated with several different pain medications–including Celebrex, Ibuprofen, Aleve, Flexeril, Zanaflex, and Ultram–with no relief from her pain and had been treated with other pain medications–Soma, Lexapro, Hydrocodone, Duragesic patch, Xanax, TENS, and therapy–without complete relief from her pain. (Tr. 206). Overall, these findings are inconsistent with the ALJ's determination that Plaintiff's surgeries in 1998 and 2000 were "generally successful in relieving" Plaintiff's pain. (Tr. 18).

Third, the ALJ discounted Plaintiff's subjective complaints based upon Plaintiff's appearance and demeanor at the administrative hearing. This is generally a proper basis for assessing Plaintiff's credibility. *See Johnson v. Apfel,* 240 F.3d 1145, 1147-48 (8th Cir. 2001) (holding that the "ALJ's

9

personal observations of the claimant's demeanor during the hearing is completely proper in making credibility determinations"). However, under the facts in this case, the ALJ assigned too much weight to his brief encounter with Plaintiff. Instead, the ALJ should have more carefully considered, and assigned more weight to, Plaintiff's impressive work record. (Tr. 123-132). Plaintiff's work record indicates she was employed consistently for twenty-five years, and even after her surgeries and while she was undergoing extensive treatment for her pain from 2000 until 2005, was able to remain employed. (Tr. 98, 129-132).

This case must be reversed and remanded for further consideration of Plaintiff's subjective complaints. On remand, the ALJ should also reconsider Plaintiff's medical records and testimony. After reviewing these records and that testimony, the ALJ should determine whether there is a sufficient basis for making a disability determination and whether additional consultative examinations should be ordered.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 11th day of September, 2008.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE